IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST MISSOURI DIVISION

| | |
|---|---|
| JANE DOE and <br> MARY ROE, <br>     Plaintiffs, <br> VS. <br> DAVID McKNIGHT and <br> THE STATE OF MISSOURI. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### ALLEGATIONS AND STATEMENTS APPLICABLE TO ALL COUNTS

Come now Plaintiffs, by and through her attorneys, the Remley Law Firm, and for their causes of action against the Defendants make the following allegations and claims, all of which are relevant, pertinent and applicable to all Counts of this Complaint, to wit:

1. That Plaintiff Doe is a citizen and resident of the State of Missouri;

2. That Plaintiff Roe is a citizen and resident of the State of Missouri;

3. That Defendant David McKnight is a citizen and resident of the state of Missouri and a former trooper with the Missouri State Highway Patrol;

4. That Defendant State of Missouri is a sovereign political body controlling numerous law enforcement agencies, including the Missouri State Highway Patrol, which was created under the authority of Sec. 43.020 RSMo;

5. That at all times pertinent hereto, Defendant McKnight was an employee, servant and agent of Defendant State of Missouri acting within the course and scope of his employment;

6. That at all times pertinent hereto, Defendant McKnight and Defendant State of Missouri acted under color of state law;

7. Plaintiffs bring this civil rights and tort action pursuant to 42 USC §1983 and §1988, the Fourth and the Fourteenth Amendments to the United States Constitution and applicable Missouri tort law;

8. This Court has primary and supplemental jurisdiction pursuant to 28 USC §§ 1331 and 1343 and 28 USC §1367;

9. Venue is proper in this Court under 28 USC §1391 because the relevant events occurred in Scott County, Missouri, which is within the Eastern District and the Southeast Division of this Honorable Court.

**FACTS**

10. On December 31, 2023, while on road patrol, Defendant McKnight, pulled over Plaintiff Doe at or near the Benton Exit on Interstate Highway 55 in Scott County, Missouri during which encounter McKnight informed Doe that he had stopped her for speeding;

11. Defendant McKnight asked Doe to produce her insurance card which was contained in her cellphone which Doe gave to McKnight so he could check it;

12. Defendant McKnight returned to his patrol car;

13. After several minutes Defendant McKnight returned to Doe's car and returned her cellphone to her after which he permitted to depart without a ticket or citation;

14. On August 22, 2024 Doe was contacted by a corporal with the Missouri State Highway Patrol, MSHP, and was informed that MSHP had come into possession of several photographs of Doe and Doe's life partner, Roe;

15. Doe was also informed by the corporal that MSHP had come into the possession of the photographs from Defendant McKnight's cellphone;

16. Ultimately, Doe and Roe were informed that Defendant McKnight had been in possession of photographs of both of them in various states of undress and that some of the images contained personal and private sexual content.

## COUNT I: UNCONSTITUTIONAL SEARCH AND SEIZURE

17. Doe and Roe had a right to be free from unreasonable and unlawful searches and seizures of their personal property, including the electronic and digital images of them on Doe's cellphone.;

18. During a traffic stop, Defendant McKnight searched through Doe's cellphone, found her and Roe's photographic images contained therein and photographed them using his own cellphone;

19. The opening of Doe's cellphone, the location and photographing of Doe's and Roe's images were not reasonably necessary or justified for the traffic stop Defendant McKnight initiated;

20. The taking of Plaintiffs' images was a violation of Plaintiffs' Fourth and Fourteenth Amendments' right to be free from an unreasonable search and seizure by the State of Missouri and Defendant McKnight;

21. The taking of Plaintiffs' images by the Defendants was intentional, malicious and recklessly indifferent to Plaintiffs' constitutional rights;

22. As the direct and proximate result of the Defendants' actions, Plaintiffs suffered emotional distress, distress of body and mind, humiliation, and embarrassment;

23. As a further direct and proximate result of the Defendants' actions, Plaintiffs have suffered insomnia, physical anxiety and distress and have secured psychological and emotional therapy to deal with the upset directly caused by the Defendants' unlawful conduct;

All to Plaintiffs' damage.

WHEREFORE, Plaintiffs pray for compensatory damages against Defendants, for their taxable court costs, attorneys fees as permitted under 42 U.S.C. Sec 1988, and for sch other and further relief as seems just and proper in the premises.

### COUNT II: DEPRIVATION OF PRIVACY AND SUBSTANTIVE DUE PROCESS

24. Plaintiffs restate, reallege and incorporate by reference as though more fully set forth herein each and every statement, averment, claim and allegation contained in Paragraphs One (1) through Twenty-Three (23) of this Complaint;

25. Plaintiffs possess a right of privacy regarding their personal and private activities;

26. The digital images that Defendant McKnight unlawfully seized from Doe's cellphone were solely owned by the Plaintiffs;

27. The digital images that Defendant McKnight unlawfully seized from Doe's cellphone were covered by and included in the Plaintiffs' right of privacy;

28. Plaintiffs have a due process right provided by the 14th Amendment to prevent a government actor from unreasonably intruding upon his or her privacy rights and property ownership rights;

29. By opening and taking the digital images of the Plaintiffs, Defendant McKnight deprived Plaintiffs of their right to substantive due process as to the actual seizure of the images as well as the intrusion into their private matters;

30. Defendant McKnight's seizure of Plaintiffs' private digital images was not justified under any circumstance incident to a traffic stop;

31. As the direct and proximate result of the Defendants' actions, Plaintiffs suffered emotional distress, distress of body and mind, humiliation, and embarrassment;

32. As a further direct and proximate result of the Defendants' actions, Plaintiffs have suffered insomnia, physical anxiety and distress and have secured psychological and emotional therapy to deal with the upset directly caused by the Defendants' unlawful conduct;

All to Plaintiffs' damage.

WHEREFORE, Plaintiffs pray for compensatory damages against Defendants, for their taxable court costs, attorneys fees as permitted under 42 U.S.C. Sec 1988, and for sch other and further relief as seems just and proper in the premises.

## COUNT III: INVASION OF PRIVACY

33. Plaintiffs restate, reallege and incorporate by reference as though more fully set forth herein each and every statement, averment, claim and allegation contained in Paragraphs One (1) through Thirty-Two (32) of this Complaint;

34. Plaintiffs possess a right of privacy regarding their personal and private activities;

35. The digital images that Defendant McKnight unlawfully seized from Doe's cellphone were covered by and included in the Plaintiffs' right of privacy;

36. Plaintiffs had a reasonable expectation that the images on Doe's private cellphone would remain private;

37. Defendant McKnight's unlawful seizure of the Plaintiffs' digital images without Plaintiffs' consent was an unreasonable intrusion upon the Plaintiffs' privacy;

38. Defendant McKnight knew that he did not have Plaintiffs' consent to locate, view or photograph or otherwise reproduce Plaintiffs' digital images;

39. As the direct and proximate result of the Defendants' actions, Plaintiffs suffered emotional distress, distress of body and mind, humiliation and embarrassment;

40. As a further direct and proximate result of the Defendants' actions, Plaintiffs have suffered insomnia, physical anxiety and distress and have secured psychological and emotional therapy to deal with the upset directly caused by the Defendants' unlawful conduct;

All to Plaintiffs' damage.

WHEREFORE, Plaintiffs pray for compensatory damages against Defendants, for their taxable court costs, attorneys fees as permitted under 42 U.S.C. Sec 1988, and for sch other and further relief as seems just and proper in the premises.

## COUNT IV: NEGLIGENT HIRING, RETENTION, SUPERVISION & TRAINING

41. Plaintiffs restate, reallege and incorporate by reference as though more fully set forth herein each and every statement, averment, claim and allegation contained in Paragraphs One (1) through Forty (40) of this Complaint;

42. The State of Missouri, operating through the Missouri State Highway Patrol, hereinafter MSHP, is responsible for the hiring, training, supervision and retention of the officers it hires, including Defendant McKnight;

43. On information and belief, Defendant McKnight's supervisory office obtained information that Defendant McKnight had improperly taken the photos of another motorist under circumstances similar to those presented in this case;

44. Defendant State of Missouri, despite have knowledge of Defendant McKnight's previous conduct, failed to take any corrective or disciplinary action against him;

45. The injuries suffered by these Plaintiffs were the direct and proximate result of the carelessness and negligence of Defendant State of Missouri in any one or more of the following respects, to wit:

   a. Defendant State of Missouri failed to remove Defendant McKnight from road patrol duties;

   b. Defendant State of Missouri failed to require Defendant McKnight to conduct his road patrol duties with a supervisory officer to so that his actions could be observed and corrected so that his predatory conduct would be prevented;

   c. Defendant State of Missouri failed to require Defendant McKnight to conduct his road patrol duties with a training officer so that Defendant McKnight was fully informed regarding the outer limits of appropriate conduct;

   d. Defendant State of Missouri failed to discipline Defendant McKnight for his improper taking of the photos of another motorist;

   e. Defendant State of Missouri failed to re-train Defendant McKnight;

   f. Defendant State of Missouri failed to terminate Defendant McKnight's employment with the Missouri State Highway Patrol;

   g. Defendant State of Missouri failed to develop, implement and maintain an adequate program of training its officers regarding the appropriate conduct of its

    officers during traffic stops, especially regarding motorists' privacy, property rights and the constitutional protections afforded by the Fourth and Fourteenth Amendments to the United States Constitution;

    h. Defendant State of Missouri failed to develop, implement, maintain and enforce a program and procedures to govern the conduct of its officers during traffic stops, especially regarding motorists' privacy, property rights and the constitutional protections afforded by the Fourth and Fourteenth Amendments to the United States Constitution.

46. As the direct and proximate result of the Defendants' actions, Plaintiffs suffered emotional distress, distress of body and mind, humiliation and embarrassment;

47. As a further direct and proximate result of the Defendants' actions, Plaintiffs have suffered insomnia, physical anxiety and distress and have secured psychological and emotional therapy to deal with the upset directly caused by the Defendants' unlawful conduct;

All to Plaintiffs' damage.

WHEREFORE, Plaintiffs pray for compensatory damages against Defendants, for their taxable court costs, attorneys fees as permitted under 42 U.S.C. Sec 1988, and for sch other and further relief as seems just and proper in the premises.

### COUNT V: TORT OF OUTRAGE

48. Plaintiffs restate, reallege and incorporate by reference as though more fully set forth herein each and every statement, averment, claim and allegation contained in Paragraphs One (1) through Forty-Seven (47) of this Complaint;

49. The Defendants' conduct was extreme and outrageous;

50. The Defendants acted in an intentional and reckless manner;

51. The Defendants' actions were so extreme that a person of ordinary sensibilities would cry out "Outrageous" when he or she learned of the Defendants' conduct;

52. As the direct and proximate result of the Defendants' actions, Plaintiffs suffered emotional distress, distress of body and mind, humiliation and embarrassment;

53. As a further direct and proximate result of the Defendants' actions, Plaintiffs have suffered insomnia, physical anxiety and distress and have secured psychological and emotional therapy to deal with the upset directly caused by the Defendants' unlawful conduct.

WHEREFORE, Plaintiffs pray for compensatory damages against Defendants, for their taxable court costs, attorneys fees as permitted under 42 U.S.C. Sec 1988, and for sch other and further relief as seems just and proper in the premises.

## COUNT VI:  PUNITIVE DAMAGES

54. Plaintiffs restate, reallege and incorporate by reference as though more fully set forth herein each and every statement, averment, claim and allegation contained in Paragraphs One (1) through Fifty-Three (53) of this Complaint;

55. The Defendants' actions and conduct aforesaid were undertaken by them with a conscious disregard of the property, privacy and constitutional rights of Plaintiffs and a callous disregard of the injury and harm the Defendants' conduct does to Plaintiffs;

56. An award of Punitive Damages is justified in such sum as will serve to punish the Defendants and deter them from engaging in their injurious conduct in the future.

WHEREFORE, Plaintiffs pray for Punitive Damages from the Defendants in such sum as will serve to punish the Defendants and to deter them from engaging in their injurious conduct in

the future, for their taxable court costs, and for sch other and further relief as seems just and proper in the premises.

        REMLEY LAW FIRM

        By D. Michael Remley
        David M. Remley - #75117
        Attorney for Plaintiffs
        428 Themis Street
        PO Box 1548
        Cape Girardeau, MO 63702-1548
        Telephone: 573/334-2079 fax 573/334-7168
        David Remley <remleylaw16@gmail.com>

        THE REMLEY LAW FIRM

        By David M. Remley
        David M. Remley – MO. #28743
             Federal #17439
        Attorney for Plaintiffs
        428 Themis Street
        PO Box 1548
        Cape Girardeau, MO 63702-1548
        Telephone: 573/334-2079 fax 573/334-7168
        dremley@remleylawfirm.com