UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:24-CV-217-ACL |
| | ) |
| DAVID McKNIGHT, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court sua sponte as the Defendant requires appointment of new pro bono counsel.  The attorney previously appointed by the Court has been withdrawn.  (Doc. 16.)

The appointment of counsel for an indigent civil litigant lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted).  The standard for appointment of counsel in a civil case is whether both the indigent litigant and the court would benefit from the assistance of counsel." *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). This determination involves the consideration of several relevant criteria, which include "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Id*.

Defendant David McKnight, who is presently proceeding *pro se* without the assistance of counsel, is also facing criminal charges in this District (Case No. 1:24-CR-160) for

Destruction, Alteration or Falsification of Records in Federal Investigations (Count I) and Deprivation of Rights Under Color of Law (Counts 2-10). The Federal Public Defender was appointed in the criminal case. In this matter, Plaintiff alleges multiple violations of federal law under 42 U.S.C. § 1983 along with a state law claim. Additionally, the Defendant has been named in a separate civil Complaint filed by two additional alleged victims, Jane Doe [2] and Mary Roe. *See* Case No. 1:25-CV-10-SNLJ.

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: ... (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "'Whether to consolidate actions under Rule 42(a) is vested in the court's discretion,' and 'the district court can consolidate actions sua sponte.'" *Express Scripts, Inc. v. United States*, 4:21-cv-740-HEA, 2023 WL 2525647, at *1 (E.D. Mo. Mar. 15, 2023) (quoting *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007)).

Here, the Court finds consolidation of Plaintiff's case with *Jane Doe [2] and Mary Roe* is warranted. Both cases involve Defendant David McKnight (the State of Missouri was recently added in Case No. 1:25-CV-10), causes of action (multiple violations of federal law under 42 U.S.C. § 1983, as well as state claims), and similar underlying allegations while the Defendant was employed by the Missouri State Highway Patrol.

Given that this matter and Case No. 1:25-CV-10 involve common facts and common questions of law, consolidation is warranted to avoid unnecessary costs and to promote judicial efficiency. Pursuant to Local Rule 4.03, the Court must consolidate the cases into the lowest case number. E.D. Mo. L.R. 4.03 ("A party desiring the consolidation of related cases shall file

a motion in the case bearing the lowest cause number.").

Following instruction from the Court (Doc. 6), Plaintiff in this matter filed a Motion to Proceed Under Pseudonym. (Doc. 7). That Motion will not be considered until Defendant has an opportunity to file a response. Plaintiffs in Case No. 1:25-CV-10 have not filed a motion to proceed under pseudonym. The Eighth Circuit Court of Appeals recently established the standard by which a litigant may proceed under a pseudonym in *Cajune v. Independent School District 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). "A party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* In weighing these interests, district courts must exercise their discretion in considering the following non-exhaustive list of factors: (1) whether "the party seeking anonymity was challenging government activity"; (2) whether "identification threatened to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; (4) "the danger of retaliation"; (5) "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant"; (6) "whether the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (7) "whether there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id*. at 1077-78.

Based on the foregoing, the Court concludes that the assistance of appointed counsel in this case will be beneficial to all parties. In the interest of justice, the Court will appoint counsel for the Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that John Lynch of The Law Offices of John M. Lynch, LLC, 5770 Mexico Road, Suite A, St. Peters, MO 63376, telephone number 314-726-9999, is hereby appointed as counsel for Defendant David McKnight in the above-captioned cause of action.

**IT IS FURTHER ORDERED** that Defendant is granted a further extension until **March 12, 2025**, to file an Answer or otherwise respond to the Complaint and Motion to Proceed Under Pseudonym.

**IT IS FURTHER ORDERED** that the Clerk of Court provide appointed counsel with a copy of the complete Court file in this matter and Case No. 1:25-CV-10.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of November 22, 2021, concerning the Attorney Admission Fee Non-Appropriated Fund.  Form requests for compensation of services and reimbursement of expenses, may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.**

**IT IS FURTHER ORDERED** that *Jane Doe and Mary Roe v. David McKnight and State of Missouri*, 1:25-CV-10-SNLJ is consolidated into *Jane Doe v. David McKnight*, 1:24-CV-217-ACL for all remaining proceedings. All future documents shall be filed in Case No. 1:24-CV-217-ACL.

**IT IS FURTHER ORDERED** that Plaintiffs in the matter previously identified as Case No. 1:25-CV10, file a Motion to Proceed Under Pseudonym or an Amended Complaint not later than **March 4, 2025**.

**IT IS FURTHER ORDERED** that the Clerk of Court docket and file a copy of this Order in each of the consolidated cases.

**IT IS FURTHER ORDERED** that the Clerk of Court administratively close *Jane Doe and Mary Roe v. David McKnight and State of Missouri*, 1:25-CV-10-SNLJ.

Dated this 19th day of February, 2025.

                                           */s/ Abbie Crites-Leoni*
                                           ABBIE CRITES-LEONI
                                           UNITED STATES MAGISTRATE JUDGE